

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MATTHEW REYES MIRELES, | § | No. 08-23-00193-CR |
| Appellant, | § | Appeal from the |
| v. | § | 175th Judicial District Court |
| THE STATE OF TEXAS, | § | of Bexar County, Texas |
| Appellee. | § | (TC# 2019CR4452) |

## MEMORANDUM OPINION

This case is one of three pending appeals, all stemming from a high-speed police chase that ended only when Appellant Matthew Reyes Mireles's vehicle ran out of gas. After exiting his vehicle, Appellant brandished a handgun and taunted the police who, rather than shoot him, sent in a police dog to disarm him; Appellant fatally wounded the dog and was then subdued and arrested. The facts are not in serious dispute as Appellant broadcast the chase and confrontation with the police on Facebook Live. This appeal challenges Appellant's conviction on eight counts of aggravated assault against a public servant with a deadly weapon. Tex. Penal Code Ann. § 22.02(b)(2). The trial court sentenced Appellant to life in prison for each count, to run concurrently. Tex. Penal Code Ann. § 22.02. Finding no error, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant was indicted for eight counts of aggravated assault against a public servant, evading arrest with a motor vehicle, and interference with a service animal.[1] All charges were tried together at one trial. Appellant's court-appointed appellate counsel has filed an *Anders* brief that provides this synopsis of the events shown by the trial evidence:

> On January 25, 2019, Karnes City Police Officer Sammy Thomas saw the Appellant's Chevrolet pickup truck speeding and veering unsafely. He attempted to stop the truck with his lights and siren. The truck did not stop, but instead fled from the officer, initiating a multi-county high speed chase.
>
> The chase involved several local law enforcement agencies, as well as the Texas Department of Public Safety. Vehicle speeds reached 120 mph. The chase passed through several counties. A law enforcement helicopter was deployed to assist the pursuit. The Appellant eventually fired a shot from his vehicle.
>
> Throughout the chase, the Appellant was live-streaming his actions, using the social media application Facebook. He informed his viewers that he intended to be shot by the police. He boasted of his speed. He engaged in beer drinking and drug use.
>
> The vehicle chase ended when the Appellant's vehicle ran out of gasoline in northwest San Antonio, Bexar County, Texas. Pursuing law enforcement officers fanned out around the area as the Appellant exited his vehicle without activating a parking brake. His truck drifted into a Bexar County Sheriff's Department patrol vehicle.
>
> The Appellant continued live-streaming, with his phone in his hand. In the other hand, the Appellant brandished a loaded pistol, alternately pointing the weapon at officers at the scene, himself, and the helicopter above. All the while, the Appellant was shouting obscenities and epithets, and asking the officers to shoot him.
>
> One of the law enforcement vehicles in pursuit was a Bexar County Sheriff's Department K-9 Unit, occupied by Deputy Rasmussen and his dog Chucky. In an effort to disarm the Appellant, Chucky was sent to attack. The Appellant then shot at Chucky. The bullet which struck the animal transected the dog's aorta, killing him nearly instantly.

---

[1] Appellant has also filed an *Anders* brief on the other convictions which we have confirmed in separate opinions issued today.

The aggravated assault against a public servant with a deadly weapon is the subject of this appeal.

We have independently reviewed the record. Trial was to a jury and lasted seven days. The State offered the testimony of 21 witnesses along with numerous body camera videos, cell phone videos and a Facebook Live video. Appellant rested without presenting evidence.

The jury returned a verdict of guilty on all counts. Punishment was tried to the court. The State alleged two prior convictions as penalty enhancements, to which Appellant pled not true: a 2002 felony assault conviction on a public servant and a 2009 felony conviction for aggravated assault with a deadly weapon. The State presented the testimony of five additional witnesses. Appellant did not present any evidence at the punishment phase.

The trial court sentenced Appellant to life in prison for each count to run concurrently. Appellant timely filed this appeal.

## II. FRIVOLOUS APPEAL

Appellant's court-appointed appellate counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). In *Anders*, the United States Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, has no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744. Counsel was therefore permitted to withdraw after informing the court of his conclusion and the effort made in arriving at that conclusion. *Id.*

Counsel in this case has concluded that, after a thorough review of the record, Appellant's appeal is frivolous. His brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See id*.

3

In accordance with *Anders's* requirements, counsel has moved to withdraw. Additionally, counsel notified the Court in writing that he delivered a copy of the brief and motion to withdraw to Appellant, and he has advised Appellant of his right to review the record and file a *pro se* brief. *Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014) (setting forth duties of counsel). He also notified Appellant of his right to seek discretionary review in the Texas Court of Criminal Appeals if this Court finds the appeal is frivolous. Counsel provided Appellant with a motion for *pro se* access to the appellate record so he could obtain the necessary records to file a brief.

### III. INDEPENDENT REVIEW

After counsel files a proper *Anders* brief, the court of appeals must conduct its own review of the record to ascertain if there are any arguable grounds for the appeal. *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). We have thoroughly reviewed the record and counsel's brief in this case, and we agree with counsel's professional assessment that the appeal is frivolous and without merit. Because there is nothing in the record that might arguably support the appeal, a further discussion of the arguable grounds advanced in counsel's *Anders* brief would add nothing to the jurisprudence of the State.

### IV. MOTION TO WITHDRAW

Finding Appellant's counsel has substantially complied with the requirements of *Anders* and *Kelly*, we grant counsel's motion to withdraw. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–20. No substitute counsel will be appointed. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within 30 days from the date of either this opinion or the last timely motion for rehearing that is overruled by this Court. *See* Tex. R. App. P. 68.2. Any petition

4

for discretionary review must be filed in the Court of Criminal Appeals. *See* Tex. R. App. P. 68.3. Any petition for discretionary review must comply with Rule 68.4 of the Texas Rules of Appellate Procedure.

## V. CONCLUSION

We affirm the trial court's judgment.

JEFF ALLEY, Chief Justice

October 21, 2024

Before Alley, C.J., Palafox, and Soto, JJ.

(Do Not Publish)